IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TINA WOLF, DALE WOLF, TAMI GOCHNOUR, PAUL CHEVRES, ALLISON HAMMOND, GARRETT SCHAFFER, DONNA GREGG, GERALD GLENN GREGG, MEGAN HALTER, JOHN MUSICK, RALPH VANNOY, JR., and EDITH PUGH | * * * * * * | |
| *Plaintiffs*, | * | Civil Action No. RDB-23-280 |
| v. | * | |
| W. L. GORE & ASSOCIATES, INC. | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On February 1, 2023, Plaintiffs Tina Wolf, Dale Wolf, Tami Gochnour, Paul Chevres, Allison Hammond, and Garrett Schaffer initiated this putative class action against Defendant W. L. Gore & Associates, Inc. ("Defendant" or "Gore"). (Compl., ECF No. 2.) On July 31, 2023, Plaintiffs amended their Complaint, adding six additional named Plaintiffs: Donna Gregg, Gerald Glenn Gregg, Megan Halter, John Musick, Ralph Vannoy, Jr., and Edith Pugh; and bringing causes of action for strict products liability, negligence, private and public nuisance, trespass, and punitive damages for alleged exposure to contaminants relating to Gore's manufacturing activities at its Cherry Hill facility in Elkton, Maryland ("Cherry Hill"). (Am. Compl., ECF No. 28.)

Presently pending is Plaintiffs' Motion to Appoint Interim Class Counsel (the "Motion") (ECF No. 26), which was filed on July 28, 2023, requesting this Court to appoint Chase T. Brockstedt and Philip C. Federico, both of the law firm Baird Mandalas Brockstedt & Federico, LLC, as well as T. David Hoyle and Anne McGinness Kearse, both of the law firm Motley Rice LLC, as Interim Co-Lead Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Defendant opposes the Motion, (ECF No. 31), and Plaintiffs have replied. (ECF No. 36.) The parties' submissions have been reviewed and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiffs' Motion to Appoint Interim Class Counsel (ECF No. 26) is DENIED.

Federal Rule of Civil Procedure 23(g)(3) provides: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). In its notes on the original "interim counsel" provision—former Rule 23(g)(2)(A)—the Advisory Committee on the Rules of Civil Procedure stated that "[o]rdinarily," pre-certification work "is handled by the lawyer who filed the action." Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment. But, "[i]n some cases, . . . there may be rivalry or uncertainty that makes formal designation of the interim counsel appropriate." *Id.*; *see also* MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004) ("If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel

clarifies responsibility for protecting the interests of the class during precertification activities . . . .") Simply stated, "appointment of counsel before certification of the class is ordinarily unnecessary," and as Judge Hollander of this Court has explained, "[t]he relief available under Rule 23(g) is generally invoked where there is some sort of competition or rivalry between lawyers that may result in confusion or duplication of efforts before the class is certified." *Ademiluyi v. Pennymac Mortg. Inv. Tr. Holdings I, LLC*, No. ELH-12-0752, 2015 U.S. Dist. LEXIS 16386, at *16 (D. Md. Feb. 10, 2015) (citing MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.11 (2004)).

This is not the type of case that warrants appointment of interim class counsel, at least at the current stage of litigation. This Court is aware of only one other lawsuit, filed in this district, concerning allegations of purported exposure related to Gore's activities at Cherry Hill, and the plaintiffs in that lawsuit are represented by the same attorneys representing Plaintiffs in the instant action. *See Sutton v. W. L. Gore & Assocs.*, No. RDB-22-1471 (D. Md. filed June 15, 2022). While Plaintiffs speculate that future suits may be filed, they have not identified overlapping, duplicative, or competing suits, nor the potential for any additional attorneys to enter the fray. Under these circumstances, the Court sees no danger to the interests of the putative class that appointment of interim counsel will remedy. Accordingly, there is no reason to appoint interim class counsel at this stage.

## **CONCLUSION**

For the foregoing reasons, it is this 30th day of August, 2023, ORDERED that:

1. Plaintiffs' Motion to Appoint Interim Class Counsel (ECF No. 26) is DENIED;

2. The Clerk of the Court transmit copies of this Memorandum Order to counsel of record.

Dated: August 30, 2023

                                                       /s/
                                                Richard D. Bennett
                                                United States District Judge