IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TINA WOLF, et al., | * |
| Plaintiffs, | * |
| | * Civ. No. MJM-23-280 |
| v. | * |
| W.L. GORE & ASSOCIATES, INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

This matter is before the Court on Plaintiffs' Motion for Leave to File a Third Amended Complaint. ECF No. 123. The motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For reasons stated below, the motion is denied.

**I.      Relevant Procedural History**

Three years ago, a group of individual Plaintiffs filed this putative class action asserting claims against defendant W.L. Gore & Associates, Inc. ("Defendant") for strict products liability, negligence, private nuisance, and public nuisance. ECF No. 2. The case was initially assigned to Judge Richard D. Bennett as presiding judge.

Plaintiffs filed an Amended Complaint in July 2023, adding several putative class representatives and adding a claim for trespass. ECF No. 28. Defendant filed an answer in September 2023, ECF No. 38, and, on October 10, 2023, Judge Bennett entered a Scheduling Order setting November 24, 2023, as a deadline for joinder of additional parties and amendment of pleadings, among other deadlines, ECF No. 39. Upon joint motion of the parties on October 24, 2023, ECF No. 40, Judge Bennett modified the Scheduling Order to reset certain deadlines but left the deadline for joinder and amendment "as-is," ECF No. 41. This case was reassigned to the undersigned district judge in November 2023.

1

In February 2024, upon joint motion of the parties, ECF No. 50, I entered a modified Scheduling Order setting certain new deadlines, ECF No. 51. The modified Scheduling Order did not set a new deadline for amendment of pleadings or joinder of additional parties, and it provided that "any other deadlines set forth in the Prior Scheduling Order not covered [in the modified Order] are hereby mooted and no longer applicable in the above-captioned case[.]" *Id.*

Upon further joint motion of the parties, ECF No. 53, I entered another modified Scheduling Order in August 2024, which set certain new deadlines without setting any deadline for amendment of pleadings or joinder of additional parties. ECF No. 55. The newly modified Scheduling Order again provided that any previously set deadlines not covered in the new Order were "mooted and no longer applicable . . . ." *Id.*

In October 2024, Plaintiffs moved for leave to file a Second Amended Complaint. ECF No. 65. Defendant initially opposed the motion, arguing in part that it was untimely, ECF No. 69, but later withdrew its opposition upon Plaintiffs' agreement to jointly seek further modification of the Scheduling Order, *see* ECF Nos. 73–75. In consideration of Defendant's withdrawal of its opposition, I granted Plaintiffs' motion to amend, ECF No. 76, and the Second Amended Complaint was docketed on February 24, 2025—approximately one year ago, ECF No. 77. The Second Amended Complaint replaced a number of the plaintiffs/putative class representatives and added a claim for intentional infliction of emotional distress, along with a number of new factual allegations. *Id.* The Court also granted the parties' joint motion to modify the Scheduling Order, setting new deadlines without any deadline for amendment or joinder, while indicating that any previously set deadlines not covered by the new Order were "mooted and no longer applicable . . . ." ECF No. 78. In July 2025, the case was referred to Magistrate Judge Aslan to manage discovery and related scheduling. ECF No. 85.

On December 19, 2025, Plaintiffs filed the pending Motion for Leave to File a Third Amended Complaint. ECF No. 123. They seek to add a new plaintiff/putative class representative, allegations of certain physical conditions and injuries, and other allegations offered in support of claims for loss of consortium. *See* ECF No. 123-1 ("Pl. Mem."); ECF No. 123-3 (redline version of proposed Second Amended Complaint). Defendant filed a response in opposition to the motion, ECF No. 127 ("Def. Opp'n"), and Plaintiffs filed a reply, ECF No. 130 ("Pl. Reply").

The parties separately filed letters to Judge Aslan describing disputes over discovery and scheduling. ECF Nos. 131 & 133. Judge Aslan conducted a status conference with the parties and entered a modified Scheduling Order on January 27, 2026. ECF No. 136. The deadline for fact discovery is now April 17, 2026, and all discovery is scheduled to expire in December 2026. *Id.* No deadline is set for amendment of pleadings or joinder of additional parties.

**II.    Standard of Review**

There is no dispute that Plaintiffs' motion to amend must satisfy the requirements of Rule 15 of the Federal Rules of Civil Procedure. Rule 15 governs amendment of pleadings in federal court. As relevant here, Rule 15(a) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave[,]" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Accordingly, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted).

However, the parties dispute whether, in addition to satisfying Rule 15(a)'s liberal standard, Plaintiffs must also satisfy the "good cause" standard of Rule 16(b) because the previously set deadline to move for amendment of pleadings or joinder of parties has passed. Under Rule 16(b), the district court "must issue a scheduling order[]" in each civil matter, Fed. R. Civ. P. 16(b)(1), and "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions[,]" Fed. R. Civ. P. 16(b)(3)(A). Thereafter, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While recognizing a "tension within the Federal Rules of Civil Procedure between Rule 15(a) and Rule 16(b)" in cases where amendment of pleadings has been sought after the deadline, the Fourth Circuit has held that, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *see also Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). "After a movant satisfies the good cause standard of Rule 16(b), he must pass the tests for amendment under Rule 15(a)." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 769 (D. Md. 2010) (citation omitted); *see also Pilger v. D.M. Bowman, Inc.*, Civ. No. WDQ-10-0597, 2011 WL 2579822, at *1 (D. Md. June 24, 2011).

Defendant argues that the good cause requirement of Rule 16(b) must be satisfied to grant Plaintiffs leave to amend because Plaintiffs' motion was filed after the deadline set in the Scheduling Order of October 10, 2023. Def. Opp'n at 4–5. Plaintiffs argue that Rule 16(b)(4) does not apply because "there is no operative scheduling order setting a deadline for amendment of pleadings[,]" Pl. Mem. at 14, and they point out that modified Scheduling Orders entered after October 2023 expressly "mooted" the deadline for either party to move for joinder of additional parties or amendment of pleadings, Pl. Reply at 3. Defendant has the better argument.

4

As noted *supra*, the Scheduling Order entered on October 10, 2023, set November 24, 2023, as the deadline for either party to move for joinder of additional parties and amendment of pleadings, among other deadlines, ECF No. 39, and the modified Scheduling Order entered two weeks later left the deadline for amendment or joinder motions "as-is," ECF No. 41. That Scheduling Order was not further modified until February 2, 2024—more than two months after the deadline to move for amendment or joinder passed. The modified Scheduling Orders entered in February 2024 (ECF No. 51), August 2024 (ECF No. 55), and February 2025 (ECF No. 78) adopted language proposed by the parties that any previously set deadlines that were not reset in each modification were "mooted and no longer applicable" in this case. The deadline to move for amendment of pleadings or joinder of additional parties was not reset in these modified Scheduling Orders.

For these modified Scheduling Orders to suggest that the previously set deadline for amendment or joinder motions was "mooted" and "no longer applicable" is unremarkable. Black's Law Dictionary defines the noun "moot," in part, as "[h]aving no practical significance[,]" and the verb "moot" as "[t]o render (a question) moot or of no practical significance." *Moot*, BLACK'S LAW DICTIONARY (12th ed. 2024). A deadline that has passed, has not been reset, and has been satisfied is naturally "moot" because it no longer has any practical significance. If the parties intended for the modified Scheduling Orders entered after October 2023 to *suspend indefinitely* the deadline for amendment and joinder, their joint motions and proposed orders should have said as much. After all, Rule 16(b)(3)(A) specifically requires the Court to set *some* deadline for amendment of pleadings and joinder of other parties. Plaintiffs' interpretation of the modified Scheduling Orders would effectively vacate *any* deadline to move for amendment or joinder with no expectation of ever resetting that deadline and potentially violate Rule 16(b)(3)(A). That was

5

not my intention when adopting the parties' proposed "mooted" language and entering those Orders.

I share Defendant's interpretation of the modified Scheduling Orders and credit its representation that, in agreeing to the "mooted" language, it did not intend for the deadline to move for amendment of pleadings to be indefinitely suspended or vacated. *See* Def. Opp'n at 4 n.1. The original Scheduling Order in this case set a deadline for amendment and joinder motions that was a mere two weeks before Plaintiffs' Rule 26(a)(2) disclosures were due and about six weeks before Defendant's Rule 26(a)(2) disclosures were due. ECF No. 39. The parties promptly filed a joint motion seeking a modification of the initial schedule to increase significantly the period between the deadline for amendment and joinder motions and the deadlines for Rule 26(a)(2) disclosures. ECF No. 40.[1] Specifically, the parties jointly sought to keep the deadline for amendment and joinder motions "as-is" while extending the deadlines for Rule 26(a) disclosures approximately eight months. *Id.* at 4. Thus, the parties' joint motion, at that time, appears to reflect their intention and agreement to a period of at least eight months between the deadline for amendment and joinder motions and the first deadline for Rule 26(a) disclosures. Notably, Plaintiffs' instant motion to amend was filed about three months before their deadline for Rule 26(a) disclosures and about five months before Defendant's Rule 26(a) disclosure deadline.[2]

---

[1] That motion even noted the significant amount of time—"well over a year"—it had taken the plaintiffs in the related case, *Sutton et al. v. W.L. Gore & Assocs., Inc.*, Civ. No. RDB-22-01471, to serve Rule 26(a) disclosures. ECF No. 40 at 3.

[2] I recognize that these deadlines were extended after Plaintiffs' filed their motion. *See* ECF No. 136. The point here is that it is doubtful Defendant ever intended for the Scheduling Order to permit Plaintiffs to freely move for substantial amendments to their pleadings without allowing for a long period (at least eight months) to precede the schedule for Rule 26(a) disclosures.

I find that, in order to grant Plaintiffs' leave to amend their pleading and add another party after the deadline of November 24, 2023, has passed, I must find Plaintiffs' motion to be justified by "good cause." Fed. R. Civ. P. 16(b)(4).

### III.    Whether Good Cause Supports the Untimely Motion to Amend

Plaintiffs argue that, even if Rule 16(b)(4) applies, they have established good cause for the amendments they seek. Pl. Mem. at 15–16. I disagree.

Diligence is the "touchstone" of Rule 16(b)'s good cause requirement. *Faulconer*, 808 F. App'x at 152. Good cause under Rule 16(b) "exists where the moving party has diligently made efforts to meet court imposed deadlines." *Tawwaab*, 729 F. Supp. 2d at 768. "[O]nly diligent efforts to comply with the scheduling order can satisfy Rule 16's good cause standard." *Faulconer*, 808 F. App'x at 152 (citation omitted). "A movant may show good cause by demonstrating that 'the deadlines [could not] reasonably be met despite [his] diligence.'" *Pilger*, 2011 WL 2579822, at *2 (citation omitted). But "[g]ood cause is not shown when an amendment to the pleadings could have been timely made within the deadline set by the scheduling order." *Id.* (citing *Wildauer v. Frederick Cnty.*, 993 F.2d 369 (4th Cir. 1993)).

Plaintiffs' good cause arguments fall short. They contend that they "acted diligently by seeking amendment while discovery remains ongoing and well in advance of class certification briefing or any trial setting." Pl. Mem. at 15. But they fail to explain what diligent efforts they made to meet the November 2023 deadline, why that deadline could not be met, and what circumstances necessitated the untimely filing of their motion to amend. "The Fourth Circuit has noted that a finding of 'good cause' is justified under Rule 16(b) where at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." *Tawwaab*, 729 F. Supp. 2d at 768 (citing *In re Lone Star Indus., Inc.*

7

*Concrete R.R. Cross Ties Litig.*, 19 F.3d 1429 (4th Cir. Apr. 7, 1994)). But "[i]f the moving party knew of the underlying conduct giving rise to a claim [and] simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Faulconer*, 808 F. App'x at 152 (citing *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248–49 (10th Cir. 2015)). Here, it is uncontested that the proposed amendments are not based on any newly discovered facts or evidence but, instead, rely on facts that were known—or should have been known—when Plaintiffs previously sought to amend their pleading.[3] Plaintiffs offer no good reason for why they failed to include the plaintiff, allegations, and claims reflected in their proposed amendments in any earlier version of their complaint. Accordingly, I do not find that their motion is supported by good cause, and the motion may be denied for this reason alone. *See Pilger*, 2011 WL 2579822, at *2 (quoting *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.,* 262 F. Supp. 2d 618, 632 (D. Md. 2003)) ("If the party was not diligent, 'the inquiry should end.'"); *CBX Techs., Inc. v. GCC Techs., LLC*, Civ. No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) (finding that plaintiff failed to demonstrate good cause to alter the deadline for filing a motion to amend, and, "[b]ecause of the conclusion reached under Rule 16, the Court need not analyze the motion under Rule 15[]").

Plaintiffs argue that their "proposed amendments are limited and clarifying in nature and are intended to address issues apparent from the pleadings themselves, including the addition of a co-owner spouse and clarification of loss of consortium claims, as well as modest refinements to the class allegations." Pl. Mem. at 15–16. Plaintiffs also emphasize that their proposed amendments will not disrupt the schedule nor prejudice Defendant, and they maintain that they have not acted in bad faith. *Id.* But "[u]nlike Rule 15(a)'s liberal amendment policy which focuses

---

[3] Notwithstanding the Fourth Circuit's decision in *Faulconer*, 808 F. App'x at 152, I do not mean to suggest that newly discovered facts or evidence is strictly required to provide good cause for a late motion to amend. But some justification for the untimely motion is required, and newly discovered facts and evidence might provide that justification by explaining why the deadline could not be reasonably met.

8

on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Weisheit v. Rosenberg & Assocs., LLC*, Civ. No. JKB-17-0823, 2018 WL 1942196, at *3 (D. Md. Apr. 25, 2018) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). And, in contrast to a Rule 15(a) analysis, "[t]he analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend 'and the reasons for its tardy submission.'" *CBX Techs.*, 2012 WL 3038639, at *3–4 (quoting *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373–74 (D. Md. 2002)).

Here, Plaintiffs propose amending their complaint more than two years after their initial deadline to do so and well over one year after their last motion to amend, yet they offer no good reason for the untimeliness of their new amendments. Even considering the substance of the proposed amendments and prejudice to Defendant, I find the proposed amendments to be significant and at least potentially prejudicial. They add a new plaintiff, add several pages of new allegations, and articulate new theories of recovery, even if the new claims for relief are derivative of claims previously pleaded. The proposed amendments are not earth-shattering, and they may not necessitate further extension of the schedule. But they clearly call for greater efforts in discovery and therefore at least risk prejudice to Defendant.

For all of the foregoing reasons, Plaintiffs' untimely motion to amend is denied.

## IV.    Order

It is by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiffs' Motion for Leave to File a Third Amended Complaint (ECF No. 123) is DENIED.

 2/23/26   
Date

　　　　　　/S/　　　　　　　  
Matthew J. Maddox  
United States District Judge